[Cite as *League v. Collins*, 2013-Ohio-3857.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

RACHEL A. LEAGUE (f.k.a. Collins), :

    Plaintiff-Appellee, : CASE NO. CA2013-03-041

                           : O P I N I O N
  - vs -                           9/3/2013

                           :

ROBERT M. COLLINS, :

    Defendant-Appellant. :

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR03070827

Rachel A. League, 315 Renwood Lane, Springboro, Ohio 45066, plaintiff-appellee, pro se

Joseph R. Matejkovic, 8050 Beckett Center Drive, Suite 214, West Chester, Ohio 45069-5018, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Robert Collins, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting attorney fees in favor of plaintiff-appellee, Rachel League (f.k.a. Collins).

{¶ 2} Collins and League were married, and later divorced through the Butler County Domestic Relations Court in 2005. The couple had two children born issue of the marriage,

and agreed that issues regarding the parenting of the children would be mediated rather than returning to court each time the parties had a dispute. In May 2012, Collins filed a contempt motion in the trial court, claiming that League had denied him parenting time and had also wrongly claimed one of the children for tax purposes. League moved to dismiss, arguing that any disputes between the parties were to have been mediated. A magistrate dismissed Collins' motions, and the trial court adopted the trial court's decision.

{¶ 3} As part of her motion to dismiss, League also requested attorney fees. League filed an affidavit from her attorney, along with the invoice she was issued for services rendered to defend against the contempt motion. By local rule of court, Collins objected to the affidavit and invoice, and the matter was set for judicial determination of the reasonableness of the fees.

{¶ 4} A magistrate held a hearing on League's request for attorney fees. During the hearing, League testified that she hired an attorney to represent her when defending Collins' contempt motion. League also presented the testimony of another attorney in the area, who testified that the invoice League received for her attorney's services was reasonable and consistent with the charges other attorneys in the area would charge for similar work. Although League's counsel did not testify, she offered on multiple occasions to take the stand.

{¶ 5} Collins argued to the magistrate that the invoice League received, as well as the affidavit from League's counsel regarding the fees, was inadmissible hearsay and could not form the basis for any fee award. The magistrate, however, granted attorney fees in favor of League in the amount of $965, which was commensurate with the invoice League offered during the hearing. Collins filed an objection to the magistrate's decision, arguing that the invoice and affidavit were inadmissible hearsay, and that the magistrate's award of attorney fees was improper. The trial court overruled Collins' objections and adopted the

magistrate's decision in full.  Collins now appeals the trial court's decision overruling his objections to the magistrate's decision, raising the following assignment of error.

{¶ 6}  THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/ APPELLANT WHEN IT ORDERED HIM TO PAY PLAINTIFF/APPELLEE'S ATTORNEY'S FEES.

{¶ 7}  Collins argues in his sole assignment of error that the trial court erred in adopting the magistrate's decision where the affidavit and invoice were inadmissible hearsay.

{¶ 8}  The admission or exclusion of relevant evidence rests within the discretion of the trial court.  *Ohmer v. Renn-Ohmer*, 12th Dist. Butler No. CA2012-02-020, 2013-Ohio-330. An appellate court will not disturb a decision of the trial court to admit or exclude evidence absent a clear and prejudicial abuse of discretion.  *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 80.  An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶ 9}  According to Evid.R. 802, hearsay is inadmissible.  Evid.R. 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

{¶ 10} Our review of the trial transcript reveals that League's attorney did, in fact, use the affidavit and invoice to prove, in part, the truth of matters asserted within it; that League incurred $965 in attorney fees in defense of the contempt motion.  Such evidence is normally excluded by Evid.R. 802 unless it falls within a recognized exception to the hearsay rule.  The invoice may possibly have fallen within the business record exception of Evid.R. 803(6), which permits the document's admissibility if it is "kept in the course of a regularly conducted business activity."  However, this rule has an authentication requirement that must be met before the rule applies.  Here, there was no authentication of the affidavit or invoice made by

League's attorney so that the business records exception is not applicable. While the affidavit and invoice may have been hearsay, we find no reason to disturb the trial court's grant of attorney fees in this matter.

{¶ 11} Instead, the record indicates that even absent the invoice and affidavit, the trial court had evidence of the fees that League incurred. The transcript indicates that League testified to receiving the invoice and that she incurred the charges because of the contempt motions being filed against her. During her testimony, League confirmed that the amount she incurred to defend the contempt motions was $965. League testified to the amount of fees she incurred so that the trial court had evidence before it upon which it could base its award. *See Shroyer v. Shroyer*, 5th Dist. Coshocton No. 01-CA-011, 2001 WL 1548749, *6 (Dec. 5, 2001) (noting that an award of attorney fees is proper when the "amount of time and work spent on a case by the attorney is evident," and the trial court is able to use its own "knowledge in reviewing the record to determine the reasonableness of attorney fees").

{¶ 12} League was subjected to cross-examination and Collins had the opportunity to challenge her claim that she incurred attorney fees because of the contempt motions. League was, in fact, cross-examined in detail regarding the fees, and the magistrate was able to use its own knowledge of the case to determine if the fees were reasonable. The evidence establishes that League's counsel charged $250 per hour. League's expert testified that $250 per hour was reasonable and that the total amount charged was necessary. In fact, the expert testified that the charge League incurred was less than that which she, herself, would have charged a client for similar work. Collins did not object to the expert's testimony, nor did he move to strike the expert's testimony regarding the fees at any point. Therefore, the trial court had an evidentiary basis for its award.

{¶ 13} We find that the trial court did not abuse its discretion granting attorney fees as it did under the circumstances. Having found as much, Collins' assignment of error is

overruled.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.